IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| In re | ) CASE NO. 10-60286-rbk |
| | ) |
| EVAN McLEAN SIMPSON and | ) |
| PENNEY SUE SIMPSON, | ) Chapter 7 |
| | ) |
| Debtors. | ) |
| | ) |
| EVAN McLEAN SIMPSON and | ) ADVERSARY NO. 10-06012-rbk |
| PENNEY SUE SIMPSON, | ) |
| | ) **ANSWER TO COMPLAINT TO** |
| Plaintiffs, | ) **DETERMINE DISCHARGEABILITY** |
| | ) **DEBT** |
| vs. | ) |
| | ) |
| CITIBANK (SOUTH DAKOTA), N.A. | ) |
| and | ) |
| UNITED GUARANTY COMMERCIAL | ) |
| INSURANCE COMPANY OF NORTH | ) |
| CAROLINA | ) |
| | ) |
| Defendants | ) |

## ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

TO THE HONORABLE RONALD B. KING, UNITED STATES BANKRUPTCY JUDGE FOR THE WESTERN DISTRICT OF TEXAS:

United Guaranty Commercial Insurance Company of North Carolina, hereinafter referred to as ("Defendant") Defendant, through its attorney Blake Rasner of Haley & Olson, local counsel for Prober & Raphael, A Law Corporation, files its Verified Answer to the herein captioned adversary ("Complaint") as follows:

1. Answering Paragraph 1 of the Complaint, Defendant admits the allegation.

1

2. Answering Paragraph 2 of the Complaint, Defendant admits the allegation.

3. Answering Paragraph 3 of the Complaint, Defendant does not have sufficient information to respond to the allegation and on that basis denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, Defendant admits the allegation.

5. Answering Paragraphs 5 and 6 of the Complaint, Defendant does not have sufficient information to respond to the allegation and on that basis denies each and every allegation contained therein.

6. Answering Paragraph 7 of the Complaint, Defendant admits the that its principal place of business is 230 N. Elm Street, P.O. Box 21367, Greensboro, NC 27420-1367. Defendant denies each and every other allegation contained therein.

7. Answering Paragraphs 8 through 12 of the Complaint, Defendant does not have sufficient information to respond to the allegation and on that basis denies each and every allegation contained therein.

8. Answering Paragraph 13 and 14 of the Complaint, Defendant admits the allegations contained therein.

9. Answering Paragraphs 15 through 22 of the Complaint, Defendant does not have sufficient information to respond to the allegation and on that basis denies each and every allegation contained therein.

10. Answering Paragraphs 23 through 31 of the Complaint, Defendant denies each and every allegation contained therein.

11. Answering Paragraphs 32 through 41 of the Complaint, Defendant does not have sufficient information to respond to the allegation and on that basis denies each and every allegation contained therein.

FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

As a first, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
(Estoppel)

As a second, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that Complainants, by their own acts and omissions occurring at all times relevant to this action, are estopped by virtue of its conduct, from obtaining the relief sought in the Complaint.

THIRD AFFIRMATIVE DEFENSE
(Waiver)

As a third, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that Complainants, by their own acts and conduct occurring at all times relevant to this action, have waived any right to obtain the relief sought in the Complaint.

FOURTH AFFIRMATIVE DEFENSE
(Negligence)

As a fourth, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that Complainant's own

negligence and not the allegations asserted in the Complaint caused the damages, if any, which Complainant suffered.

## FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

As a fifth, separate and distinct defense to each and every cause of action asserted against This answering Defendant in the Complaint, Defendant alleges that Complainants have failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE
(Assumption of Risk)

As a sixth, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that Complainants have assumed the risk of the conduct about which they complain.

## SEVENTH AFFIRMATIVE DEFENSE
(Liability of Third Persons)

As a seventh, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that Complainant's acts and omissions complained of were and are engaged in by third persons and that this answering Defendant is/are not liable in any way for this acts or omissions.

## EIGHTH AFFIRMATIVE DEFENSE
(Unclean Hands)

As an eighth, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that Complainants are barred from seeking relief by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
(Reasonable Care)

As a ninth, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that Complainants have failed to exercise reasonable care in protecting his/her own interests in the transactions alleged in the Complaint herein and the loss and damage allegedly sustained by them were proximately caused by his/her own comparative negligence.

## TENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

As a tenth, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant alleges that Complainants causes of action are barred by statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE
(Changed Circumstances)

As a eleventh, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the Complaint, Defendant allege that Complainants causes of action is barred as Complainants financial circumstances are not likely to persist for a significant portion of the payment period.

WHEREFORE, Defendant prays for judgment for all of causes of action as follows:

1. That Plaintiff take nothing by their Complaint;

2. For attorney fees and costs in accordance to proof;

3. For costs of suit incurred herein;

4. For such other further relief as the Court deems just and proper.

Dated:                          HALEY & OLSON

                                By: /s/ Blake Rasner
                                    BLAKE RASNER, ESQUIRE
                                Local Counsel
                                510 North Valley Mills Drive, Suite 600
                                Waco, Texas 76710
                                (254) 776-3336

                                Prober & Raphael, A Law Corporation
                                Attorneys for Secured Creditor
                                P.O. Box 4365
                                Woodland Hills, California 91365-4365
                                (818) 227-0100
                                U.040-094

CERTIFICATE OF SERVICE

    I certify that I served a copy of the foregoing Answer to Complaint to Determine Dischargeability of Debt, their respective attorneys and any other affected party by first class mail or by electronic notice to the following on _August 6, 2010_:


Evan McLean Simpson
Penney Sue Simpson
1915 Cumberland Ave.
Waco, TX 76707
Debtors/Plaintiffs

Citibank (South Dakota), N.A.
701 East 60th Street North
Sioux Falls, SD 57104
Defendant


                                  /s/ Blake Rasner
                                  BLAKE RASNER, ESQUIRE